UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GYLE DEL RIO,

    Plaintiff,

v.                        CAUSE NO.: 3:20-CV-383-RLM-MGG

LAPORTE COUNTY SHERIFF'S
DEPT., et al.,

    Defendants.

OPINION AND ORDER

    Gyle Del Rio, a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

    Mr. Del Rio alleges that when he arrived at the Laporte County Jail, he had a swollen right hand with tolerable pain. X-rays revealed no new fracture, but Mr. Del Rio believed that an old healed fracture had caused the swelling. Dr. Tchaptchet examined the right hand and ordered him a stress ball and Ace

wraps. Dr. Tchaptchet didn't assess Mr. Del Rio's pain or range of motion or provide medical instructions for using these items. Mr. Del Rio's right hand has remained swollen and continues to cause him pain since then. He has been scheduled for an appointment with an orthopedic specialist, but the ongoing coronavirus pandemic delayed the appointment.

Mr. Del Rio asserts a claim against Dr. Tchaptchet for providing inadequate medical care for his right hand. Because Mr. Del Rio is a pretrial detainee, "we assess [his] claim under the Fourteenth Amendment instead of the Eighth Amendment." Mulvania v. Sheriff of Rock Island Cty., 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." Id. "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." Id. A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473 (2015). The court of appeals has held that "medical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in Kingsley." Miranda v. Cty. of Lake, 900 F.3d 335, 352 (7th

Cir. 2018). The complaint states a plausible Fourteenth Amendment claim against Dr. Tchaptchet.

Mr. Del Rio also names Laporte County, the Laporte County Sheriff's Department, and Quality Correctional Care as defendants. An employer is not liable just because an employee commits a constitutional violation. Gayton v. McCoy, 593 F.3d 610, 622 (7th Cir. 2010). To pursue a claim under Section 1983 against a local governmental entity or a corporate entity, a plaintiff must show that his constitutional injury was the result of that entity's official policy or practice. Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012). Because Mr. Del Rio doesn't identify an official policy or practice maintained by these defendants that acted as the moving force behind his constitutional injury, he may not proceed against them on a claim for money damages.

Mr. Del Rio also seeks appropriate medical treatment for his right hand. A federal court has limited authority to order injunctive relief in prisoner cases. Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012). Any "remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." Id. Mr. Del Rio may proceed on this claim, but injunctive relief, if granted will be limited to requiring correctional officials to provide medical treatment as required by the Fourteenth Amendment. The Laporte County Sheriff's Department has both the authority and the responsibility to ensure that Mr. Del Rio receives the medical treatment to which

3

he is entitled under the Fourteenth Amendment. Therefore, Mr. Del Rio may proceed against that defendant on the injunctive relief claim.

For these reasons, the court:0

(1) GRANTS Gyle Del Rio leave to proceed on a Fourteenth Amendment claim against Dr. Tchaptchet for money damages for providing inadequate treatment for his right hand at the Laporte County Jail;

(2) GRANTS Mr. Del Rio leave to proceed on an injunctive relief claim against the Laporte County Sheriff's Department to obtain the medical treatment for his right hand to which he is entitled under the Fourteenth Amendment;

(3) DISMISSES Laporte County and Quality Correctional Care;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Tchaptchet and the Laporte County Sheriff's Department at the Laporte County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Tchaptchet and the Laporte County Sheriff's Department to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Gyle Del Rio has been granted leave to proceed in this screening order.

SO ORDERED on May 14, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT