UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GYLE DEL RIO,<br><br>      Plaintiff,<br><br>      v.<br><br>LAPORTE COUNTY SHERIFF'S DEPT., et al.,<br><br>      Defendants. | CAUSE NO. 3:20-CV-383-RLM-MGG |

OPINION AND ORDER

Gyle Del Rio, a prisoner without a lawyer, proceeds on a Fourteenth Amendment claim against Dr. Tchaptchet for money damages for providing inadequate treatment for his right hand at the Laporte County Jail and on a related claim for injunctive relief. The defendants filed a motion for summary judgment,[1] arguing that Mr. Del Rio didn't exhaust his administrative remedies with respect to that claim.

In a declaration, Captain Ott, assistant jail commander at the LaPorte County Jail, attested that a grievance process is available to inmates though kiosks and is explained to them when they are booked into the jail. The grievance policy is also available to inmates at the law library. This policy sets forth a four-step grievance process and allows inmates to submit grievances "concerning any matter felt to be unjust or not in keeping with jail standards." First, an inmate

---

[1] Dr. Tchaptchet, by counsel, filed a motion to join the motion for summary judgment filed by the LaPorte County Sheriff's Dept. (ECF 27), which the court grants.

must try to resolve the concern with a jail deputy or by filing a pre-grievance at the kiosk for the shift supervisor's review. If the inmate can't resolve the concern with these staff members, he may file a formal grievance at the kiosk for the midnight shift corporal's review. An inmate dissatisfied with the determination on a formal grievance may submit an appeal to the assistant jail commanders. Finally, if an inmate is dissatisfied with the assistant jail commander's determination, he may appeal it again for review by the sheriff, jail commander, or a designee.

According to the grievance records, Mr. Del Rio completed the grievance process with respect to other issues on at least two separate occasions, but didn't submit a grievance at any level regarding medical care for his hand. In response,[2] Mr. Del Rio represents that he verbally told jail deputies about his right hand and that they told him to submit a medical request, which he did on multiple occasions.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts

---

[2] Mr. Del Rio filed a motion to dismiss summary judgment (ECF 28), which the court construes as a response to the defendants' motion for summary judgment.

in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners must exhaust available administrative remedies before filing lawsuits in federal court. 42 U.S.C. § 1997e(a). The court of appeals has taken a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). A "prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. at 1025. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

Inmates are only required to exhaust administrative remedies that are available. Woodford v. Ngo, 548 U.S. 81, 102 (2006). The availability of a remedy isn't a matter of what appears on paper but rather whether the process was in actuality available for the prisoner to pursue. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). If prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies aren't considered available. Id. In essence, "[p]rison

officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d at 809.

Mr. Del Rio contends that he didn't have to submit a formal grievance or any grievance appeals because jail officers told him to submit a medical request when he told them about his right hand injury, and he did what they said to do. Instructions to submit medical requests for a hand injury don't suggest that medical requests are a valid substitute for the grievance process. This advice was truthful, likely presented the better route to obtain medical care in most instances, and didn't suggest that escalating his concerns about medical care through the grievance process would have been inappropriate, so the court can't characterize it as "affirmative misconduct to prevent a prisoner from exhausting" that rendered the grievance process unavailable. In sum, the record demonstrates that a grievance process was available to Mr. Del Rio but that he didn't complete it with respect to his claims. Therefore, the court grants summary judgment for the defendants because Mr. Del Rio didn't exhaust his available administrative remedies.

For these reasons, the court:

(1) GRANTS the motion for joinder (ECF 27);

(2) GRANTS the motion for summary judgment (ECF 23);

(3) DISMISSES this case without prejudice; and

4

(4) DIRECTS the clerk to enter judgment in favor of the defendants and to close this case.

SO ORDERED on October 6, 2020

s/ Robert L. Miller, Jr.<br>JUDGE<br>UNITED STATES DISTRICT COURT